UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

JOSÉ MORALES, EFREN MORALES,     :
and FELIX PACHECO, and on behalf
of themselves and all others      :
similarly situated,              **MEMORANDUM DECISION**
                           :
            Plaintiffs,      05 Civ. 2349 (DC)
                           :
      - against -
                           :
PLANTWORKS, INC., NEIL MENDELOFF,
and VERNA MENDELOFF,         :

            Defendants.   :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**       MICHAEL FAILLACE & ASSOCIATES, P.C.
                    Attorneys for Plaintiffs
                       By: Michael Faillace, Esq.
                    90 Park Avenue, Suite 1700
                    New York, New York  10016

                    GOLDBERG and WEINBERGER LLP
                    Attorneys for Defendants
                     By: Stuart Weinberger, Esq.
                    630 Third Avenue
                    New York, New York  10017

**CHIN, D.J.**

        Plaintiffs José Morales, Efren Morales, and Felix Pacheco were employed as landscapers by defendant Plantworks, Inc., which is owned and operated by defendants Neil Mendeloff and Verna Mendeloff.  Plaintiffs bring this action pursuant to the Fair Labor Standards Act (the "FLSA"), the New York Labor Law, and the "spread of hours" wage order of the New York Commission of Labor.  Plaintiffs contend that defendants maintained a policy and practice of requiring plaintiffs to work more than forty hours per week without paying them minimum wage

and overtime compensation in violation of state and federal labor
laws.  Plaintiffs also seek to recover damages against defendants
for discrimination and retaliation under Section 1981 of the
Civil Rights Act of 1866, 42 U.S.C. § 1981, the New York State
Executive Law § 290 et seq., the FLSA, 29 U.S.C. § 201 et seq.,
and New York Labor Law § 215.

Plaintiffs move for an order (1) permitting plaintiffs
to proceed as a collective action with respect to their FLSA
claims; (2) compelling defendants to furnish the names and last
known addresses of all employees of Plantworks since September
2002; (3) authorizing plaintiffs to send a notice and "opt-in"
form to all prospective members of the collective action; and (4)
compelling Plantworks to post the Court-approved "opt-in" notice
in conspicuous locations in its offices.  The motion is denied in
part and granted in part, as set forth below.

<u>**DISCUSSION**</u>

The FLSA permits employees to maintain an action "for
and in behalf of . . . themselves and other employees similarly
situated."  29 U.S.C. § 216(b).  The named plaintiffs must be
"similarly situated" to the proposed members of the class, and
proposed class members must "opt in" and consent in writing to
being a party to the action.  <u>Id.</u>

In collective actions, courts in this circuit
frequently follow a two-stage certification process.  <u>Masson v.
Ecolab, Inc.</u>, No. 04 Cv. 4488 (MBM), 2005 WL 2000133, at *13
(S.D.N.Y. Aug. 17, 2005); <u>Gjurovich v. Emmanuel's Marketplace,</u>

Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003); Rodolico v. Unisys
Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) (class certification
in ADEA case); see also Charles Alan Wright, Arthur R. Miller,
and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d §
1807, at 487-53 (2005) (discussing two stages of certification
process) ("Wright, Miller & Kane").  At the first stage, the
court examines the pleadings and affidavits to determine whether
the named plaintiffs and putative class members are similarly
situated.  Masson, 2005 WL 2000133, at *13.  If the court finds
that they are, it conditionally certifies the class and permits
notice to be sent to putative class members.  Id.; Wright,
Miller, & Kane, 7B Federal Practice and Procedure § 1807, at 492-
93.  At the second stage, the employer can move to decertify the
class if discovery reveals that the claimants are not similarly
situated.  Masson, 2005 WL 2000133, at *14.

        In collective actions, district courts have "broad
discretion to grant certification, to allow discovery, and to
regulate notice."  Wright, Miller, & Kane, 7B Federal Practice
and Procedure § 1807, at 486.  See Hoffman v. Sbarro, Inc., 982
F. Supp. 249, 261 (S.D.N.Y. 1997) ("It is well settled that
district courts have the discretionary power to authorize the
sending of ['opt-in'] notice[s] to potential class members.").
Thus, at this early stage in the litigation, the threshold
question for the Court is whether circumstances exist to warrant
the exercise of this discretion or, in other words, whether
plaintiffs have demonstrated that the potential class members are

"similarly situated" to them.   Id.

        The FLSA does not define "similarly situated" nor does
it set out standards for determining whether the requirement has
been met.   See id.   In this Circuit, "courts have held that
plaintiffs can meet this burden by making a modest factual
showing sufficient to demonstrate that they and potential
plaintiffs together were victims of a common policy or plan that
violated the law."   Hoffman, 982 F. Supp. at 261 (citing cases).
See also Jackson v. New York Tel. Co., 163 F.R.D. 429, 431
(S.D.N.Y. 1995) ("[P]laintiffs need merely provide 'some factual
basis from which the court can determine if similarly situated
potential plaintiffs exist.'") (quoting Schwed v. General
Electric Co., 159 F.R.D. 373, 376 (N.D.N.Y. 1995)).   The leniency
of this requirement is consistent with the broad remedial purpose
of the FLSA.   See Hoffman, 982 F. Supp. at 262 (citing cases
discussing broad remedial purpose of FLSA).

        In this case, plaintiffs have not met their burden.   In
support of their motion, plaintiffs submitted an affidavit of
their attorney, to which were attached the following exhibits:
(1) plaintiffs' First Amended Complaint; (2) a proposed "opt in"
form; (3) a copy of the settlement form and general release
issued to plaintiff Pacheco by defendants; (4) copies of four
payroll check stubs for plaintiff José Morales; (5) copies of two
payroll stubs for plaintiff Efren Morales; and (6) copies of two
payroll stubs for plaintiff Felix Pacheco.   (Faillace Aff. Ex. A-
F).   The payroll stubs support plaintiffs' claim that they were

- 4 -

paid the regular rate for overtime.   (Faillace Aff. Ex. D-F).
The affidavit and exhibits, however, contain no reference to any
Plantworks employee other than plaintiffs, and they make no
allegations of a common policy or plan to deny plaintiffs
overtime.   The only additional support for plaintiffs' claim that
they are similarly situated to other Plantworks' employees comes
from their conclusory allegation in the amended complaint that
"[t]here are over 20 current and former employees that are
similarly situated to Plaintiffs and have been denied minimum
wage and overtime compensation while working for Defendants.
Plaintiffs are representative of these other workers and are
acting on behalf of their interests as well as their own
interests in bringing this action."   (Am. Compl. ¶ 33).

        Though the first stage of class certification only
requires a "modest factual showing," it must be sufficient to
demonstrate that plaintiffs and potential class members were
victims of a common scheme or plan that violated the law.   See
Hoffman, 982 F. Supp. at 261; Levinson v. Primedia Inc., 02 Cv.
2222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) (finding
that plaintiff failed to meet "modest burden").   In making this
showing, "[c]onclusory allegations are not enough."   Wright,
Miller, & Kane, 7B Federal Practice and Procedure § 1807, at 490-
91.   Here, plaintiffs have offered only a conclusory allegation
in their complaint; they have offered nothing of evidentiary
value.   Because plaintiffs have failed to meet this minimal
requirement, their motion for class certification is denied.

In light of the remedial purpose of the FLSA and the Court's
broad discretionary power, plaintiffs' motion for the names and
addresses of Plantworks employees is granted, but only to the
extent that defendants must produce the names and last known
addresses of all individuals employed by Plantworks since 2002 in
non-management positions with whom they have not entered
settlement agreements.  See <u>Hoffmann-La Roche Inc. v. Sperling</u>,
493 U.S. 165, 168-70 (1989) (upholding district judge's order
that employer produce names and addresses of discharged
employees); Wright, Miller, & Kane, 7B <u>Federal Practice and</u>
<u>Procedure</u> § 1807, at 495-96 ("If conditional certification is
denied, the court may allow discovery to provide plaintiffs a
second opportunity to obtain sufficient evidence of a collective
to warrant conditional certification and the notice to opt in.")

<b><u>CONCLUSION</u></b>

Based on the record before the Court, plaintiffs'
motion for certification and for authorization to send a notice
and "opt-in" form is denied.  Plaintiffs may renew the motion
should discovery reveal additional facts to support the

application.  Plaintiffs' motion for the names and addresses is granted to the limited extent set forth above.

SO ORDERED.

Dated:      New York, New York
            February 1, 2006

DENNY CHIN
United States District Judge

- 7 -